UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIAN CLAUDET                                    CIVIL ACTION

VERSUS                                             NO: 10-87

WAYNE L. JONES, ET AL                              SECTION: "A"
                                                   MAG. 2

<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Dismiss Plaintiff's Claim of False Arrest (Rec. Doc. 14)**

and a **Partial Motion for Summary Judgment (Rec. Doc. 16)** filed by Defendants, Wayne L.

Jones, Jarret Vicknair, and Monica Swinney (collectively "Defendants"). Plaintiff, Adrian Claudet

("Plaintiff"), opposes the partial motion for summary judgment, but does not oppose the motion to

dismiss the false arrest claim. The motions, originally set for hearing on September 29, 2010, are

before the Court on the briefs without oral argument. For the reasons that follow, the **Motion to**

**Dismiss Plaintiff's Claim of False Arrest (Rec. Doc. 14)** is **GRANTED**, and the **Partial Motion**

**for Summary Judgment (Rec. Doc. 16)** is **GRANTED IN PART** and **DENIED IN PART.**

I. <u>BACKGROUND</u>

This lawsuit concerns allegations of excessive force by officers of the St. John the Baptist

Parish Police Department. On January 17, 2009, Plaintiff called the St. John the Baptist Parish

Police Department to report that his car and garage door had been egged. (Pl.'s Mem. Supp. Opp'n

to Def.'s Partial Mot. Summ. J. 1.) Defendant, Deputy Monica Swinney ("Swinney"), was

dispatched to Plaintiff's home to investigate the egging incident. (Def.'s Mem. Supp. Partial Mot.

Summ. J. 1-2.)  Prior to arriving at Plaintiff's home, Swinney was informed that an active felony arrest warrant might have been issued for Plaintiff's arrest.  (*Id.* at 2.)  The parties disagree as to what happened upon Swinney's arrival.  Plaintiff alleges that he greeted Swinney and showed her the egging damage.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 2.)  As Plaintiff was showing Swinney the egged car and garage, Plaintiff states that Swinney yelled and asked Plaintiff for his date of birth.  (*Id.*)  Plaintiff's wife informed Swinney of Plaintiff's date of birth.  (Compl. ¶ 5.)  According to Plaintiff, Swinney then, without warning, body slammed Plaintiff onto the hood of the car, denting the car.  (*Id.* at ¶ 6.)  Swinney also allegedly exercised force in bending Plaintiff's arms back in order to cuff him even though Plaintiff claims he was not resisting arrest.  (*Id.*) Plaintiff further asserts that he told Swinney that he was injured and that something had snapped in his back, but that Swinney continued to apply pressure to his head, neck, back, and arms.  (*Id.* at ¶ 8.)  Plaintiff's wife also allegedly informed Swinney that Plaintiff suffered from arthritis.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 9.)

Shortly thereafter, Defendant, Captain Jarret Vicknair ("Vicknair"), arrived at the scene. (Compl. at ¶ 9.)  At this point, Plaintiff contends that Swinney started yelling and calling Plaintiff a forger and stated that there was a warrant out for his arrest.  (*Id.*)  Plaintiff alleges that he continued to advise Swinney that he was in pain, but that Swinney persisted in applying excessive force.  (*Id.* at ¶ 10.)  Both Swinney and Vicknair proceeded to arrest Plaintiff.  (*Id.* at ¶ 11.)  Vicknair allegedly grabbed Plaintiff and shoved him into the police car at the end of the driveway and threatened to break Plaintiff's legs.  (*Id.* at ¶ 13.)  Furthermore, Janice Bazile, an eye witness, observed the alleged excessive force incident.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 7.)  Plaintiff then was transported to the St. John the Baptist Parish Correctional Center.

(Compl. at ¶ 16.)  Plaintiff did not receive medical care while in the custody of the St. John the Baptist Parish Police Department.  (*Id.* at ¶ 19.)  Plaintiff eventually received medical care when he was bailed out by wife and taken to the hospital.  (*Id.* at ¶ 20.)  Plaintiff asserts that he sustained emotional and bodily injuries, including injuries to his neck, back, shoulders, chest, internal bruising, and a torn rotator cuff.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 14.) Plaintiff also coughed up blood and suffers from post traumatic stress.  (*Id.*)  Plaintiff also alleges property damage to his vehicle.  (Compl. at ¶ 23.)

In contrast, Defendants state that upon Swinney's arrival Plaintiff was angry and threatened to kill anyone near his residence.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 2.)  Defendants assert that Vicknair arrived on the scene one to two minutes after Swinney's arrival.  (*Id.*)  According to Defendants, Swinney called headquarters to verify Plaintiff's date of birth and the outstanding warrant issued against Plaintiff.  (*Id.*)  Upon confirming the arrest warrant, Swinney allegedly informed Plaintiff that he was going to be arrested.  (*Id.*)  At this point, Plaintiff allegedly started cursing and became unruly, resisting arrest.  (*Id.*)  Plaintiff then was detained by Swinney and Vicknair, arrested, and charged with violation of sections 14:72 (forgery) and 14:108 (resisting an officer) of the Louisiana Revised Statutes.  (*Id.*)  Following arrest, Plaintiff was transported to the St. John the Baptist Parish Correctional Center where he was detained for two to three hours and then released.  (*Id.*)

Plaintiff filed the instant suit against Defendants alleging that Defendants exercised excessive force against Plaintiff and denied Plaintiff medical care.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 12.)  Plaintiff pleads constitutional violations under 42 U.S.C. § 1983, attorney's fees and punitive damages under 42 U.S.C. § 1988, and state law claims for battery,

negligence, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional anguish.  (Compl. ¶¶ 28-50.)  Specifically, Plaintiff asserts the following constitutional violations under § 1983: (1) violation of the Fourth Amendment to be free from unlawful arrest; (2) violation of the Eighth Amendment to be free from the use of unreasonable force; and (3) violation of the Fourteenth Amendment based on Plaintiff's right to life, liberty, and property.  (Compl. ¶ 28.)  Defendants move to dismiss the false arrest claim because Plaintiff was not falsely arrested. (Def.'s Mem. Supp. Mot. to Dismiss Pl.'s Claim of False Arrest 2.)  Defendants also move for partial summary judgment on the grounds that Defendant, Sheriff Wayne L. Jones ("Jones"), is not liable to Plaintiff, Plaintiff was not denied medical care, and all Defendants are entitled to a finding of qualified immunity.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 2.)

## II.  <u>STANDARD OF REVIEW</u>

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* (citing *Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  *Id.* (citing Fed. R. Civ. P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions,

and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial.  *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

## III.  DISCUSSION

### A. Plaintiff's False Arrest Claim

Defendants move to dismiss Plaintiff's false arrest claim because Plaintiff was arrested

pursuant to a valid warrant.  (Def.'s Mem. Supp. Mot. to Dismiss Pl.'s Claim of False Arrest 2.)

Plaintiff does not object to dismissing the false arrest claim given that a warrant was issued for

Plaintiff's arrest, and it existed in the system on the date of Plaintiff's arrest.  (Rec. Doc. 25).

Because Plaintiff does not oppose the dismissal of the false arrest claim, Defendants' motion to

dismiss the false arrest claim is granted.

### B. Plaintiff's Claims Against Sheriff Wayne L. Jones

Defendants move for partial summary judgment on Plaintiff's claims against Defendant

Jones because Plaintiff has failed to state a claim against Jones in both his official and individual

capacities.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 7-9.)  Additionally, Defendants argue that

Plaintiff is not allowed to raise a claim for respondeat superior pursuant to § 1983.  (*Id.*)  In his

Opposition, Plaintiff agrees to dismiss the claims against Defendant Jones because discovery has

established that Jones was not present at  the time of the incident.  (Pl.'s Mem. Supp. Opp'n to

Def.'s Partial Mot. Summ. J. 13.)  Given that Plaintiff does not oppose the dismissal of the claims

against Jones, Defendants are entitled to summary judgment on the claims against Jones.

### C. Plaintiff's Claim for Denial of Medical Care

Defendants also move for partial summary judgment on Plaintiff's claim for denial of

medical care.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 4-6.)  Plaintiff argues that he was not

provided with medical care while detained at the St. John the Baptist Parish Correctional Center. (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 12.)  Furthermore, Plaintiff alleges that Vicknair knew of Plaintiff's injuries given that Vicknair was informed on the evening of Plaintiff's arrest that Plaintiff had gone to the hospital after being released. (*Id.*)  On the contrary, Defendants argue that Plaintiff never informed the officers of his need for medical care.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 5.)  As a result, Defendants contend that Plaintiff has failed to demonstrate that Defendants possessed subjective knowledge of the harm as is required in bringing a constitutional claim for denial of medical care.  (*Id.* at 6.)

The due process clause of the Fourteenth Amendment provides pretrial detainees with a constitutional right to medical care.  *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).  In order for a pretrial detainee to state a claim under § 1983 for denial of medical treatment, the detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted."  *Id.*  If deliberate indifference arises from an episodic act, the detainee must prove that (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. *Thompson v. Upshur Cnty.*, 245 F.3d 447, 458-59 (5th Cir. 2001).  "Deliberate indifference is an extremely high standard to meet."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

In accord with *Thompson*, the Fifth Circuit has denied claims for lack of medical care when

police officers were not aware of a detainee's need for medical treatment. In *Williams v. Stevens*, the Fifth Circuit held that the petitioner failed to state an adequate claim for denial of medical care because the petitioner never complained of his injuries and never requested medical treatment. *Williams v. Stevens*, No. 98-41401, 1999 WL 684145, at *1 (5th Cir. 1999). The court reasoned that the defendant officers were not aware of the excessive risk of harm because the petitioner failed to inform them of his injuries. *Id.; see also Bailey v. Turner*, 149 Fed. Appx. 276, 278-79 (5th Cir. 2005) (denying the petitioner's claim for denial of medical care given that the petitioner made no explicit request for medical treatment after being sprayed with pepper spray); *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (finding that broken fingers were not a serious medical condition when the plaintiff failed to complain about the injury).

The Fifth Circuit also has denied claims for inadequate medical care when the petitioner has not sustained serious medical harm. In *Tasby v. Cain*, the Fifth Circuit found that the plaintiff's rash, allegedly caused by restraints, was not sufficient to establish that he suffered a serious medical harm. *Tasby v. Cain*, 86 Fed. Appx. 745, 746 (5th Cir. 2004); *see also Jackson v. Douglas*, 270 Fed. Appx. 462, 463 (8th Cir. 2008) (holding that boils on the plaintiff's arm and chest did not constitute an objectively serious medical need). Similarly, in *Wesson v. Oglesby*, the Fifth Circuit determined that swollen, bleeding wrists did not amount to a serious medical condition. *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). Several courts also have found that neck and back pain are not serious medical needs. *See e.g.*, *Lusk v. Dallas Cnty. Sheriff's Dep't*, No. 3:00-CV-0662L, 2002 WL 31757706, at *4 (N.D. Tex. Nov. 29, 2002) (determining that a herniated disc and degenerative spinal disease were not serious medical needs); *Nelson v. Rodas*, No. 01CIV7887RCCAJP, 2002 WL 31075804, at *14 (S.D.N.Y. Sept. 17, 2002) (finding that back spasms were not sufficient to

demonstrate a serious medical harm).  In *Patterson v. Orleans Parish Dist. Attorney's Office*, Magistrate Wilkinson held that the plaintiff failed to allege sufficient facts to establish deliberate indifference given that back pain, leg pain, and high blood pressure did not present serious medical needs.  *Patterson v. Orleans Parish Dist. Attorney's Office*, No. 06-7322, 2007 WL 5063238, at *17 (E.D. La. 2007).

In the instant case, Plaintiff has failed to present an adequate claim for denial of medical care.  Given that Plaintiff's allegations for inadequate medical care are directed at Defendants as a result of the alleged excessive force incident, Plaintiff's allegations amount to nothing more than an episodic act or omission under *Thompson*.  As a result, under *Thompson*, Plaintiff must show that (1) Defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) Defendants actually drew that inference; and (3) Defendants' response indicated that they subjectively intended that harm occur.  In viewing the facts in the light most favorable to Plaintiff, Swinney and Vicknair were aware that Plaintiff was experiencing pain at the time of the alleged excessive force incident because Plaintiff complained of the pain during the incident.  Also, Plaintiff's wife informed Swinney that Plaintiff suffered from arthritis.  Nevertheless, these facts do not permit an inference that Plaintiff was subjected to a substantial risk of serious harm.  In accord with *Tasby*, *Wesson*, and *Patterson*, Plaintiff's back, neck, shoulder, and chest pain resulting from the alleged excessive force incident do not present a serious medical condition.  Also, Plaintiff's high blood pressure is not a serious medical need under *Patterson*.

Additionally, it is uncertain whether Defendants drew the inference that Plaintiff was suffering from a substantial risk of serious harm given that Plaintiff readily admits that he never informed any officer of his need for medical care or requested medical care while being detained.

(Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 12.)  Therefore, under *Williams*, *Bailey*, and *Mitchell*, Plaintiff has failed to show that Defendants were aware of the extent of Plaintiff's injuries given that Plaintiff failed to complain about his injuries upon reaching the St. John the Baptist Parish Correctional Center.  The fact that Vicknair was informed about Plaintiff's hospital visit upon Plaintiff's release does not establish that Vicknair had knowledge of Plaintiff's injuries at the time of Plaintiff's detention, but merely shows that Vicknair was made aware of Plaintiff's medical condition after Plaintiff's release.  Furthermore, Plaintiff's quick release from Defendants' custody demonstrates that Plaintiff was not denied medical care because Plaintiff was able to seek medical care promptly upon release.  Thus, Defendants' partial motion for summary judgment on the denial of medical treatment claim is granted.

### D. Defendants' Qualified Immunity Defense

Finally, Defendants seek summary judgment on the grounds that they are entitled to a finding of qualified immunity as to Plaintiff's arrest.  (Def.'s Mem. Supp. Partial Mot. Summ. J. 11-13.) Defendants argue that they are entitled to qualified immunity because they arrested Plaintiff pursuant to a valid arrest warrant and did not violate any clearly established law.  (*Id.* at 13.)  In contrast, Plaintiff argues that Defendants are not entitled to qualified immunity because Defendants exercised excessive force that was objectively unreasonable in violation of clearly established law.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 13-14.)

The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The qualified immunity defense does not apply if the

defendant violates the plaintiff's constitutional right, and the plaintiff's constitutional right clearly was established at the time of the violation. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). Even if the defendant violates a clearly established constitutional right, the defendant is entitled to qualified immunity if the defendant's actions were objectively reasonable as measured by the law existing when the conduct occurred. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). Once a defendant raises a qualified immunity defense in a motion for summary judgment, the burden then shifts to the plaintiff to rebut the defense by establishing that a genuine issue of material fact exists as to whether the official's allegedly wrongful conduct violated established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

The Fourth Amendment grants individuals the right to be free from unreasonable search and seizure, including the right to be free from the use of excessive force by law enforcement. *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). In order to a state a claim for excessive force in violation of the Constitution, the plaintiff must prove "(1) an injury, which (2) resulted directly and solely from the use of force that was clearly excessive to the need and the excessiveness of which was (3) objectively unreasonable." *Id.* If a defendant's use of force was reasonable under the circumstances, then there is no violation of the Fourth Amendment. *Estate of Shaw v. Sierra*, 366 Fed. Appx. 522, 523 (5th Cir. 2010). In evaluating whether the force used by officers is excessive, a court must balance the facts and circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

In *Bush v. Strain*, the Fifth Circuit reversed the district court's grant of summary judgment

10

based on qualified immunity when the plaintiff stated that she did not resist arrest or attempt to flee at the time the officer slammed her face into a nearby vehicle and caused injuries.  *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).  The Fifth Circuit reasoned that the officer should have known that he could not slam the plaintiff's face forcefully into a vehicle while she was restrained.  *Id.* Similarly, in *Coons v. Lain*, the Fifth Circuit determined that the officer was not allowed to raise a qualified immunity defense when the plaintiff alleged that the officer slammed him against a wall, threw him down on a bench, and twisted his arm behind his back.  *Coons v. Lain*, 277 Fed. Appx. 467, 469-70 (5th Cir. 2008).  In viewing the facts in the light most favorable to the plaintiff, the court concluded that the officer's use of force was unreasonable.  *Id.*

In accord with *Michalik*, Plaintiff has the burden to rebut Defendants' defense of qualified immunity by showing that genuine issues of material fact exist as to whether Defendants' alleged wrongful conduct violated clearly established law.  The Fourth Amendment right to be free from the use of excessive force by law enforcement officers during arrest clearly was established under *Ikerd* and in effect at the time of Plaintiff's injuries.[1]  Furthermore, Plaintiff has alleged sufficient facts to demonstrate a claim for excessive force under *Ikerd*.  Plaintiff suffered injuries, including injuries to his neck, back, shoulders, chest, internal bruising, and a torn rotator cuff.  Plaintiff also coughed up blood and suffers from post traumatic stress.  These injuries allegedly resulted directly and solely

---

[1] Plaintiff asserts that his Eighth Amendment rights were violated when Defendants exercised excessive force at the time of his arrest.  (Pl.'s Mem. Supp. Opp'n to Def.'s Partial Mot. Summ. J. 17.)  The Supreme Court in *Graham v. Connor*, however, established that excessive force claims arising during the context of an arrest implicate the Fourth Amendment, not the Eighth Amendment.  *Graham*, 490 U.S. at 395; *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986) (finding that after conviction the Eighth Amendment "serves as the primary source of substantive protection to convicted prisoners in cases such as this one, where the deliberate use of force is challenged as excessive and unjustified").  To the extent that Plaintiff raises claims under the Eighth Amendment for excessive force, these claims will be evaluated under the Fourth Amendment.

from the use of force by Swinney and Vicknair given that no other explanation has been offered to explain Plaintiff's injuries.

In determining whether the force was excessive, the Court will apply the *Graham* factors while construing the facts in Plaintiff's favor. Regarding the severity of the crime of forgery, the Court notes that forgery carries a prison sentence of up to ten years, but also notes that the nature of the crime is non-violent. According to Plaintiff's version of the facts, Plaintiff did not pose an immediate threat to the safety of the officers or others given that Plaintiff was unarmed, he did not initiate contact with Defendants, and he was smaller in size compared to the two officers who tried to restrain him. Finally, Plaintiff was not resisting arrest and actually was the party responsible for inviting Defendants over to report the egging incident. In light of these facts, genuine issues of material fact exist as to whether Defendants' actions were objectively reasonable as measured by the existing law when the conduct occurred. As in *Bush,* Plaintiff allegedly was not resisting arrest or attempting to flee at the time that Swinney allegedly slammed his face into the car and caused injuries. Like in *Coons*, it is alleged that Swinney and Vicknair also unreasonably twisted Plaintiff's arms behind his back. In viewing the facts in the light most favorable to Plaintiff, Defendants are not entitled to summary judgment on the grounds of qualified immunity as to Plaintiff's arrest because sufficient facts exist to suggest that Defendants' use of force was unreasonable. Contrary to Defendants' arguments, a valid arrest warrant will not shield Defendants from allegations of excessive force. Nevertheless, Defendants may raise the qualified immunity defense at trial. Thus, Defendants' motion for partial summary judgment on the grounds of qualified immunity is denied.

IV. <u>Conclusion</u>

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Dismiss Plaintiff's Claim of False Arrest (Rec. Doc. 14)** filed by Defendants, Wayne L. Jones, Jarret Vicknair, and Monica Swinney, is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Partial Motion for Summary Judgment (Rec. Doc. 16)** filed by Defendants is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff, Adrian Claudet 's false arrest claim, denial of medical care claim, and claims against Defendant Wayne L. Jones are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendants' partial motion for summary judgment on the grounds of qualified immunity regarding Plaintiff's arrest is **DENIED**.

This 26th day of October, 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE